# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Ditech Financial LLC; Federal National Mortgage Association,<br><br>    Plaintiffs<br><br> v.<br><br>Lockmor Holdings, LLC,<br><br>    Defendant | Case No. 2:17-cv-01829-JAD-BNW<br><br>**Order Granting Motion for Summary Judgment Based on Federal Foreclosure Bar; Final Judgment**<br><br>[ECF Nos. 45, 55] |

Nevada law holds that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes a first deed of trust. But when that deed of trust belongs to government-sponsored enterprise Federal National Mortgage Association (better known as "Fannie Mae"), and the foreclosure sale occurs while Fannie Mae is under the conservatorship of the Federal Housing Finance Agency (FHFA) and without that agency's consent, federal law shields that security interest from extinguishment. That shield is known as the Federal Foreclosure Bar.

Fannie Mae and its loan servicer, Ditech Financial, LLC, bring this action to determine the effect of a 2015 nonjudicial foreclosure sale on the deed of trust securing the mortgage on a condominium home.[1] Because the plaintiffs have shown that the Federal Foreclosure Bar prevented that sale from extinguishing the deed of trust, I grant summary judgment in their favor and close this case.

---

[1] This is but one of hundreds of similar cases between lenders and HOA-foreclosure-sale purchasers that have inundated this district for the last five years.

## Background

Fannie Mae, which has been under the conservatorship of the FHFA since 2008,[2] purchased the mortgage on the condominium home located at 520 Arrowhead Trail # 1122 in Henderson, Nevada, in 2006, along with the deed of trust that secures it.[3]  The deed of trust has been assigned to various nominees acting as Fannie Mae's loan-servicing agents.[4]  The unit is located in the Arrowhead Pointe condominium project and subject to its homeowners' association's covenants, conditions, and restrictions (CC&Rs), which require the owners of units to pay assessments.[5]

The Nevada Legislature gave homeowners associations (HOAs) a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a nonjudicial foreclosure procedure for HOAs to enforce that lien.[6] When the owner of this unit fell behind on her assessments, the Arrowhead Pointe Owners Association ("the HOA"), through its foreclosure agent Alessi & Koenig, LLC, sold the property at a nonjudicial foreclosure sale on March 4, 2015, to Lockmor Holdings, LLC.[7]  That sale recorded on March 27, 2015.[8]

---

[2] I take judicial notice of this well-known fact, which no party disputes.

[3] ECF No. 45-2 at ¶ 4.

[4] *Id*. at ¶¶ 7–10; *see also* ECF No. 45-13 at 14 (assignment from MERS to Green Tree); ECF No. 45-13 at 3, ¶ 4; ECF No. 45-4 (Green Tree's corporate name change to Ditech Financial LLC).

[5] ECF No. 45-1 (condominium rider).

[6] Nev. Rev. Stat. § 116.3116; *SFR Invs. Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).

[7] ECF No. 45-11 (foreclosure deed); ECF No. 45-9 (Notice of Default and Election to Sell); ECF No. 45-10 (Notice of Trustee's Sale).  I take judicial notice of all recorded documents in the record.

[8] ECF No. 45-11.

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS § 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the nonjudicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[9] But the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) creates an exception to that rule.[10] This safeguard is contained in the Housing and Economic Recovery Act ("HERA," codified at 12 U.S.C. § 4511 et seq.), which went into effect in 2008.[11] HERA established the FHFA and placed Fannie Mae under that agency's conservatorship.[12] Under HERA's Federal Foreclosure Bar, when Fannie Mae is the owner of the deed of trust at the time of the foreclosure sale and Fannie Mae is under the conservatorship of the FHFA, the deed of trust is not extinguished and instead survives the sale unless the agency affirmatively relinquished that interest.[13]

Fannie Mae and Ditech filed this action against foreclosure-sale purchaser Lockmor Holdings, LLC.[14] They plead quiet-title claims under two theories, asserting that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing the deed of trust and, alternatively, that Nevada's HOA lien-foreclosure scheme was unconstitutional as the Ninth Circuit held in *Bourne Valley Court Trust v. Wells Fargo*.[15] I find that plaintiffs' quiet-title

---

[9] *SFR I*, 334 P.3d at 419.

[10] *See Berezovsky v. Moniz*, 869 F.3d 923, 927 n.1 (9th Cir. 2017).

[11] *Berezovsky*, 869 F.3d at 925.

[12] *Id.*

[13] *Id.* at 933; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) ("Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

[14] ECF No. 5 (corrected-copy complaint).

[15] *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016).

claims are the type recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—actions "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[16]  The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[17]

Discovery has closed[18] and the plaintiffs move for summary judgment, arguing that the Federal Foreclosure Bar and its loan servicer's pre-foreclosure tender of the full superpriority portion of the HOA's lien saved its deed of trust on this property from extinguishment.[19] Lockmor opposes that motion, arguing that plaintiffs have not satisfied the summary-judgment standards.[20]  Because I find that the plaintiffs are entitled to summary judgment on their quiet-title claim based on the Federal Foreclosure Bar, I enter judgment in their favor on that theory, declare that the foreclosure sale did not extinguish the deed of trust, dismiss the plaintiffs' remaining claim as moot, and close this case.

**Discussion**

**A.     Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

---

[16] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–11 (Nev. 2016).

[17] *Id*. at 1112.

[18] ECF No. 43 (scheduling order with discovery cut-off of 10/18/19).

[19] ECF No. 45.  Because I grant the motion based on the Federal Foreclosure Bar, I do not reach the tender issue.

[20] ECF No. 55.

matter of law."[21]  When considering summary judgment, the court views all facts and draws all

inferences in the light most favorable to the nonmoving party.[22]  If reasonable minds could differ

on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary

trials when the facts are undisputed, and the case must then proceed to the trier of fact.[23]  When

the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material

fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

showing that there is a genuine issue for trial."[24]  "To defeat summary judgment, the nonmoving

party must produce evidence of a genuine dispute of material fact that could satisfy its burden at

trial."[25]

**B.      Plaintiffs are entitled to summary judgment because the Federal Foreclosure Bar saved Fannie Mae's deed of trust from extinguishment.**

In *Berezovsky v. Moniz*, the Ninth Circuit held that "the Federal Foreclosure Bar

supersedes the Nevada superpriority lien provision,"[26] preventing a non-judicial foreclosure sale

under NRS Chapter 116 from extinguishing a Freddie Mac deed of trust without the FHFA's

consent while that government enterprise is under the FHFA's conservatorship.  Numerous Ninth

Circuit panels have since applied *Berezovsky* to find that the Federal Foreclosure Bar similarly

saved Fannie Mae deeds of trust from extinguishment during HOA foreclosure sales.[27]  There is

---

[21] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[22] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[23] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[25] *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

[26] *Berezovsky*, 869 F.3d at 931.

[27] *See, e.g., Nationstar Mortg. LLC v. Airmotive Investments, LLC*, 787 F. App'x 446, 447 (9th Cir. Dec. 13, 2019) (unpublished); *Ditech Fin., LLC v. SFR Investments Pool 1, LLC*, 2019 WL

no dispute that Fannie Mae was under the FHFA's conservatorship at the time of the 2015

foreclosure sale.  There is also no legitimate dispute that the FHFA did not consent to wiping out

Fannie Mae's deed of trust through this foreclosure.  The FHFA issued a statement dated April

21, 2015, "confirm[ing] that it has not consented, and will not consent in the future, to the

foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property

interest in connection with HOA foreclosures of super-priority liens."[28]

       The key question is whether the plaintiffs have shown that the security interest in this

property belonged to Fannie Mae such that it was protected from the legal effect of NRS

§ 116.3116 by the Federal Foreclosure Bar.  Fannie Mae offers the declaration of its Assistant

Vice President Graham Babin, which shows that Fannie Mae was the security instrument's

owner.  That declaration establishes that Fannie Mae acquired ownership of the loan and the

deed of trust for this property in March 2006 and has continued to own them ever since.[29]  A

second declaration by Ditech's Corporate Litigation Representative Christy Christensen adds that

Ditech has been the loan servicer "for Fannie Mae" since November 1, 2011.  Both Babin and

Christensen attach documents such as printouts of computer records and relevant portions of

Fannie Mae's publicly available Servicer Guide,[30] which corroborate their statements about

Fannie Mae's ownership.

       I find that Babin and Christensen's declarations sufficiently establish their familiarity

with their employers' recordkeeping systems and the authenticity of the printouts and other

---

6242262 at *2 (9th Cir. Nov. 21, 2019) (unpublished); *Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. 2017) (unpublished).

[28] ECF No. 36-12; https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx, last visited 1/8/20.

[29] ECF No. 45-2 at ¶¶ 4, 7.

[30] *Id*. at 6–52; ECF Nos. 45-5, 45-6, 45-7; 45-13 at 17.

documents they offer to lay the foundation required by Federal Rule of Evidence 902(11).  And

they establish—with no materially contradictory evidence from Lockmor—that the security

interest on this property belonged to Fannie Mae at the time of the 2015 foreclosure sale, as it

does today.  The ballooning body of Federal Foreclosure Bar caselaw in this circuit supports this

conclusion.  The Nevada Supreme Court found a similar record sufficient to support summary

judgment in favor of Freddie Mac based on the Federal Foreclosure Bar last year in *Daisy Trust*

*v. Wells Fargo Bank, N.A.*[31]  And the Ninth Circuit reached the same conclusion on near-

identical records in *Berezovsky* and in *Federal Home Loan Mortgage Corporation v. SFR*

*Investments Pool 1, LLC*.[32]

Lockmor's five-page opposition fails to demonstrate the existence of a genuine issue of

material fact that precludes summary judgment on this Federal Foreclosure Bar theory.  Instead

of pointing to issues of fact, Lockmor argues that summary judgment is not available unless the

movant provides "pleadings, depositions, answers to interrogatories, and admissions" to support

it, and because Ditech and Fannie Mae did not offer depositions, answers to interrogatories, and

admissions, their motion falls three categories of evidence short.[33]  But Lockmor relies on and

quotes from an outdated and superseded version of FRCP 56.[34]  The summary-judgment rule

---

[31] *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850–51 (Nev. 2019).

[32] *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1150 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019) ("The district court based its finding that an Enterprise had an interest in each Property on the fact that, in each case, a servicer acquired a beneficial interest in the respective Property's deed of trust, and serviced the respective mortgage loan on behalf of one of the Enterprises.  Each acquisition of a Property's deed of trust by a servicer occurred on a date prior to the respective HOA foreclosure sale.  The district court thus found that FHFA, which succeeded to the Enterprises' assets per HERA, held an interest in the Properties prior to the sales.  Accordingly, the named beneficiary under the recorded deed of trust in each case is someone other than the note owner, one of the Enterprises.").

[33] ECF No. 55 at 3.

[34] *See id.* at 2–3.

states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,"[35] and it puts the onus on the party opposing summary judgment to

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[36]

The Advisory Committee Notes to the 2010 amendment to FRCP 56 explain that this list of evidentiary materials "addresses the ways to support an assertion that a fact can or cannot be genuinely disputed" and merely "describes the familiar record materials commonly relied upon. . . ."[37] Nothing in the rule requires—or ever required—a court to deny summary judgment if the evidentiary items on which it is urged do not expressly include depositions, admissions, and interrogatory answers.

Lockmor also complains that the plaintiffs attach "an alleged 'affidavit' that was not even notarized."[38] Lockmor offers no record citation to this "alleged affidavit," and I don't find one in the record. The plaintiffs did provide declarations by Babin and Christensen that were made under penalty of perjury.[39] FRCP 56 permits a party to submit an "affidavit *or declaration* . . . to

---

[35] Fed. R. Civ. P. 56(a).

[36] Fed. R. Civ. P. 56(c)(1).

[37] *Id.* (Advisory Committee Note to 2010 Amendment).

[38] ECF No. 55 at 3.

[39] ECF Nos. 45-2, 45-13.

support or oppose" a summary-judgment motion,[40] and 28 U.S.C. § 1746, which expressly

authorizes unsworn declarations under penalty of perjury in lieu of affidavits, does not require

such declarations to be notarized.[41]

**Conclusion**

I conclude that *Berezovsky* provides the applicable legal principles for the plaintiffs'

Federal Foreclosure Bar theory, that I am bound by those principles, and that Fannie Mae and

Ditech have shown through evidence not subject to genuine dispute that they are entitled to

summary judgment on their quiet-title claim based on this theory. So I grant summary judgment

in favor of Fannie Mae and Ditech on their Federal Foreclosure Bar claim and declare that 12

U.S.C. § 4617(j)(3) prevented the 2015 foreclosure sale from extinguishing the deed of trust.

Because I am granting complete quiet-title relief on this theory, I need not and do not reach the

merits of, or arguments challenging, the plaintiffs' other quiet-title theories, and I dismiss

plaintiffs' remaining claim as moot.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment **[ECF
No. 45] is GRANTED in part. Summary judgment is entered in favor of Ditech Financial,
LLC and the Federal National Mortgage Association on their quiet-title claim based on the
Federal Foreclosure Bar.** Because 12 U.S.C. § 4617(j)(3) prevented the extinguishment of the

---

[40] Fed. R. Civ. P. 56(c)(4) (entitled "Affidavits or Declarations") (emphasis added).

[41] Lockmor ends its response to plaintiffs' summary-judgment motion with a single-sentence countermotion for "an award of it's [sic] attorney's fees and costs." ECF No. 55 at 5. Lockmor's failure to support this request with the numerous items that Local Rule 54-14 requires—including an attorney affidavit—is more than enough reason for me to deny this request. *See* LR 54-14(d) ("Failure to provide the information required by subsections (b) and (c) in a motion for attorney's fees may be deemed a consent to the denial of the motion."). This countermotion also lacks the memorandum of points and authorities required by LR 7-2(a), and it was not separately filed as required by LR IC 2-2 (b). Counsel for Lockmor is advised to familiarize himself with the current version of the Federal Rules of Civil Procedure and the local rules of this court if he intends on continuing to practice before it.

deed of trust during the 2015 HOA foreclosure sale, plaintiffs are entitled to a declaration that Lockmor Holdings, LLC took the property subject to that interest. **Plaintiffs' remaining claim is DISMISSED as moot.**

IT IS FURTHER ORDERED that Lockmor's countermotion for attorney's fees and costs **[ECF No. 55] is DENIED.**

And with good cause appearing and no reason to delay, IT IS FURTHER ORDERED that **FINAL JUDGMENT IS HEREBY ENTERED in favor of the Plaintiffs Ditech Financial, LLC and the Federal National Mortgage Association, DECLARING that:**

> the deed of trust for the real property located at 520 Arrowhead Trail # 1122 in Henderson, Nevada, recorded as Instrument # 000015 in Book 20060314 of the real property records for Clark County, Nevada, on 3/14/06, was not extinguished by the 3/4/15 foreclosure sale, so foreclosure-sale purchaser Lockmor Holdings, LLC took the property subject to the deed of trust.

The Clerk of Court is directed to CLOSE THIS CASE.

Dated: January 8, 2020

_____
U.S. District Judge Jennifer A. Dorsey